FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 13 2009

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NOREEN COUGHLIN, )
)
Plaintiff, )
)  CIVIL ACTION FILE NO.
v. )
)  1 09-CV-2837 -RLV
THE NIELSEN COMPANY, LLC )
d/b/a Nielsen Media Research )
)
Defendant. )

## COMPLAINT

COMES NOW Noreen Coughlin, Plaintiff above, by and through the undersigned counsel and states her Complaint as set forth herein.

### JURISDICTION AND VENUE

1.

Plaintiff's claims arise under Title VII of the Civil Rights Acts of 1964 and 1991, as amended, 42 U.S.C. § 2000e *et seq*, ("Title VII").

2.

Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to § 706 (g) of Title VII, 42 U.S.C. § 2000e-5(g).

1

3.

This Court has original jurisdiction over Plaintiff's federal claims as accorded under 29 U.S.C. §§ 1331 and 1343(a)(4), and 42 U.S.C. 2000e-5(f)(3) because this case arises under Title VII, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant does business in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

5.

Plaintiff is a citizen and resident of the State of Georgia and competent in all ways to bring this action.

6.

Plaintiff is entitled to bring actions of this kind and nature in this judicial district.

7.

At all times material hereto, Plaintiff was an "individual" within the meaning of 42 U.S.C. § 2000e-2(a).

8.

Plaintiff began work with the Nielsen Company, LLC, d/b/a Nielsen Media Research, on January 28, 2002.

9.

Defendant employed Plaintiff as a Membership Recruiter.

10.

Defendant assigned Plaintiff to work in an area known as the Atlanta Market.

11.

At all times relevant hereto, Defendant has been an "employer" of Plaintiff within the meaning of 42. U.S.C. § 2000e-2(a).

12.

Defendant was responsible for promulgating the employment policies and making employment decisions regarding Plaintiff's employment at all times relevant to this action.

13.

Defendant may be served with service of process through CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Fulton County, Georgia 30361.

14.

Plaintiff timely filed a Charge of Discrimination (Charge No. 410-2009-04770) with the Equal Employment Opportunity Commission ("EEOC").

15.

The EEOC issued a Dismissal and Notice of Rights to Plaintiff on July 16, 2009.

16.

This suit is filed within 90 days of Plaintiff's receipt of the "Dismissal and Notice of Rights" issued by the EEOC on July 16, 2009.

**FACTUAL BACKGROUND**

17.

Plaintiff was qualified for the position of Membership Recruiter at the Defendant.

18.

Plaintiff is female.

19.

Plaintiff was terminated by Defendant on January 6, 2009.

20.

Prior to the alleged offense that resulted in her termination, Plaintiff had never been disciplined by Defendant.

21.

Defendant has not provided Plaintiff with written notification of the reason for her termination.

22.

Defendant terminated Plaintiff because she was "out of her market area" in December 2008

23.

At the time it terminated Plaintiff, Defendant was aware that at least two male Membership Recruiters assigned to the Atlanta Market were out of their market area in December and/or January in 2008.

24.

The male Membership Recruiters who were out of their market area in December and/or January 2008, are similar to Plaintiff in all respects except gender.

25.

Defendant did not terminate male Membership Recruiters who were out of their market area in December and/or January 2008.

26.

Defendant's agent, Steve Agans, suggested and encouraged Plaintiff to be out of her area during December, 2008.

27.

Defendant's termination of Plaintiff is part of Defendant's practice of discriminating against women in the terms and conditions of employment.

28.

Males received priority consideration for promotion and assignment, while women were accepted only when men had not volunteered.

## SUBSTANTIVE ALLEGATIONS

**Gender Discrimination in Violation of Title VII of the Civil Rights Acts of 1964 and 1991, 42 U.S.C. § 2000e et seq., as amended**

29.

The allegations contained in Paragraphs 1 through 28 above are incorporated by reference as if fully set out in this Paragraph .

30.

Defendant discriminated against Plaintiff on the basis of her gender with regard to the terms and conditions of employment.

31.

Defendant has treated Plaintiff differently, with respect to the terms and conditions of her employment, than it treats similarly situated male employees.

32.

Defendant's proffered reasons for the termination of the Plaintiff are pretextual.

33.

Defendant's actions constituted a violation of Title VII in that it terminated Plaintiff because of her gender.

34.

Defendant has engaged in a pattern and practice of disparate treatment against female employees in work assignments, discipline, and promotions.

35.

As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered loss of employment, loss of income, loss of retirement and healthcare benefits, and emotional pain and suffering, in an amount to be proven at trial.

36.

As a direct and proximate result of Defendant's illegal conduct, Plaintiff has has been forced to incur attorneys fees and expenses of litigation.

WHEREFORE, Plaintiff prays:

a. That temporary, interlocutory and permanent injunctive relief be awarded, reinstating Plaintiff to her former position ;

b. That Plaintiff be awarded damages to cover all lost income which she would have received but for the discriminatory taken against her;

c. That Plaintiff be awarded general damages to compensate her for the emotional injuries, pain and suffering and other losses and injuries suffered as a result of Defendant's actions ;

d. That Plaintiff be awarded punitive damages against Defendant as a consequence of its willful, malicious, and intentional conduct;

e. That Plaintiff be afforded trial by jury ;

f. That Plaintiff be awarded her reasonable attorney's fees and expenses of litigation; and

g. That Plaintiff be awarded such relief as is just, equitable and proper.

Respectfully submitted this 13th day of October, 2009.

_____
Kevin D. Fitzpatrick
Ga. Bar No. 262375
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3171
(404) 979-3170 (f)

Counsel for Plaintiff

_____
Charles R. Bridgers
Ga. Bar No. 080791
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (f)

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NOREEN COUGHLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | _____ |
| THE NIELSEN COMPANY, LLC | ) | |
| d/b/a Nielsen Media Research | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 7.1, N.D.Ga., the above signatory attorney certified that this pleading was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in local Rule 5.1 B, N.D.Ga.


/s/ Kevin D. Fitzpatrick, Jr.
Counsel for Plaintiff
Georgia Bar No. 262375