IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NOREEN COUGHLIN, <br><br> Plaintiff, <br><br> v. <br><br> THE NIELSEN COMPANY, LLC, <br> d/b/a Nielsen Media Research, <br><br> Defendant. | CIVIL ACTION NO. 1:09-CV-2837 |

*DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT*

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant The Nielsen Company (US), LLC,[1] ("Nielsen" or "Defendant"), hereby answers Plaintiff's Complaint and denies each and every allegation not specifically admitted herein. In response to the numbered paragraphs of Plaintiff's Complaint, Nielsen answers as follows:

---

[1] Plaintiff's employer is improperly identified in the case caption and throughout the Complaint. Plaintiff was employed by The Nielsen Company (US), LLC. Defendant will work with Plaintiff to identify the correct employer.

## JURISDICTION AND VENUE

1.

Nielsen admits that Plaintiff purports to bring a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, but denies that it engaged in any unlawful conduct that would give rise to any cause of action alleged in Plaintiff's Complaint.

2.

Nielsen admits that Plaintiff seeks injunctive and declaratory relief and monetary damages but denies that Plaintiff is entitled to any relief whatsoever.

3.

Nielsen admits that Plaintiff seeks to invoke the jurisdiction of this Court, and that this Court has original jurisdiction over federal claims arising under Title VII, but denies that it engaged in any conduct that would subject it to the jurisdiction of this Court or that would give rise to any action alleged in Plaintiff's Complaint.

4.

Nielsen admits that venue is proper, but denies that it engaged in any conduct that would subject it to the jurisdiction of this Court or that would give rise to any action alleged in Plaintiff's Complaint.

## THE PARTIES

5.

Upon information and belief, Nielsen admits that Plaintiff is a citizen and resident of the State of Georgia.

6.

Nielsen admits that this Court has jurisdiction over actions arising under Title VII, but it denies that it engaged in any conduct that would subject it to the jurisdiction of this Court or that would give rise to any action alleged in Plaintiff's Complaint.

7.

Nielsen admits that Plaintiff is an "individual" within the meaning of Title VII, but it denies that it engaged in any conduct giving rise to any action alleged in Plaintiff's Complaint.

8.

Upon information and belief, Nielsen admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

Nielsen admits that Plaintiff's held the job of "Membership Recruiter" when she was hired by Nielsen. Nielsen avers that Plaintiff's job title was "Membership

Representative" at the time of her termination from employment.

10.

Nielsen admits that Plaintiff was assigned to work in the Atlanta market area at the time of her termination.

11.

Nielsen admits that The Nielsen Company (US), LLC was Plaintiff's "employer" within the meaning of Title VII, but denies that it engaged in any conduct giving rise to any action alleged in Plaintiff's Complaint. Nielsen avers that it has been improperly identified in the case caption and throughout Plaintiff's Complaint as "The Nielsen Company, LLC" and that its proper name is "The Nielsen Company (US), LLC."

12.

Nielsen admits the allegations contained in paragraph 12 of Plaintiff's Complaint. Nielsen avers that it has been improperly identified in the case caption and throughout Plaintiff's Complaint as "The Nielsen Company, LLC" and that its proper name is "The Nielsen Company (US), LLC."

13.

Nielsen admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

Nielsen admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, but is without knowledge or information sufficient to admit or deny the allegation regarding whether Plaintiff's charge of discrimination was timely filed. For this reason, Nielsen denies the remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

Nielsen is without knowledge or information sufficient to admit or deny the allegation regarding whether and/or when Plaintiff received a Notice of Rights. For this reason, Nielsen denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

Nielsen is without knowledge or information sufficient to admit or deny the allegation regarding whether Plaintiff filed suit within 90 days of receipt of Dismissal and Notice of Rights. For this reason, Nielsen denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

17.

Nielsen admits that Plaintiff held the position of Membership Recruiter at the time of her hire and that she was qualified to hold this position. Nielsen avers that Plaintiff held the position of Membership Representative at the time of her termination from employment.

18.

Nielsen admits the allegation contained in paragraph 18 of Plaintiff's Complaint.

19.

Nielsen admits the allegation contained in paragraph 19 of Plaintiff's Complaint.

20.

Nielsen denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

Nielsen admits that it notified Plaintiff by telephone of her termination and did not provide additional written notification of Plaintiff's termination.

22.

Nielsen admits that Plaintiff was outside of her market area in December 2008 without approval or excuse. Nielsen avers that it terminated Plaintiff's employment because she violated Nielsen's policies.

23.

Nielsen admits only that other Nielsen employees were outside their assigned market areas in December 2008 and/or January 2009. Nielsen denies the remaining allegations in paragraph 23 of Plaintiff's Complaint to the extent the allegations assume that these employees were similarly situated to Plaintiff.

24.

Nielsen denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Nielsen admits that it did not terminate other employees who were absent from the Atlanta market area in December 2008 and/or January 2009, but avers that these employees' absences are not the same or sufficiently similar to Plaintiff's absence.

26.

Nielsen denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.

Nielsen denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.

Nielsen denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

## SUBSTANTIVE ALLEGATIONS:

## PURPORTED GENDER DISCRIMINATION

29.

Nielsen adopts and incorporates by reference its denials and responses to paragraphs 1 through 28 of the Complaint as if set forth specifically herein.

30.

Nielsen denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.

Nielsen denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.

Nielsen denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.

Nielsen denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.

Nielsen denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.

Nielsen denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.

Nielsen denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

**PRAYER FOR RELIEF**

The Prayer for Relief, and each of its subparts, contains no allegations to which Nielsen is required to respond, but to the extent it may, Nielsen denies that Plaintiff is entitled to any relief whatsoever, and denies that it has committed any

unlawful or illegal act with respect to Plaintiff.

## JURY TRIAL DEMAND

Nielsen denies that Plaintiff has raised any triable issue based upon the allegations contained in her Complaint.

## AFFIRMATIVE DEFENSES

Answering further, and by way of defense, Nielsen states as follows:

1.

Plaintiff's claim fails to state a claim upon which relief may be granted.

2.

The Court lacks jurisdiction over the subject matter of this lawsuit to the extent that Plaintiff's allegations are beyond the scope of a timely filed charge of discrimination.

3.

All employment actions taken by Nielsen with respect to Plaintiff were based upon legitimate, non-discriminatory reasons, and Nielsen acted at all times in good faith.

4.

Even if Plaintiff were able to prove that Nielsen's actions and decisions were motivated, in part, by unlawful discriminatory and/or retaliatory intent (and she

cannot), Plaintiff's claim fail because Nielsen would have taken the same actions and made the same decisions without regard to any alleged unlawful intent.

5.

Plaintiff's claims for monetary relief and damages are barred to the extent that Plaintiff failed to mitigate her damages, if any.

6.

Plaintiff's claims for punitive damages are barred because Nielsen did not engage in any conduct which would rise to the level required to sustain an award of punitive damages.

7.

Even assuming that Plaintiff's allegations were sufficient to warrant an award of punitive damages (and they are not), an award of punitive damages is precluded by Nielsen's good faith efforts to comply with federal law, including Title VII of the Civil Rights Act of 1964, and all other federal laws pertaining to employment.

8.

To the extent that Plaintiff engaged in misconduct, violation of Nielsen policies, or other conduct that would have resulted in her termination by, or would have precluded her from obtaining employment with Nielsen, had Nielsen

discovered such conduct, Plaintiff is barred in whole or in part, from recovering a remedy.

9.

The applicable statute of limitations, in whole or in part, may bar Plaintiff's claims.

10.

Nielsen reserves the right to assert any additional affirmative defenses as established by the facts of this case.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant The Nielsen Company (US), LLC respectfully requests that the Complaint be dismissed in its entirety with prejudice and that Nielsen be awarded all costs and attorneys' fees incurred in the defense of this action and such further relief as the Court deems just and proper.

Dated this 3rd day of November, 2009

                                      /s/Charlotte K. McClusky
                                      Charlotte K. McClusky
                                      Georgia Bar No. 484223
                                      Nathan J. Allen
                                      Georgia Bar No. 004419

LITTLER MENDELSON
A Professional Corporation
3344 Peachtree Road, N.E.
Suite 1500
Atlanta, GA 30326-4803
404.233.0330 (telephone)
404.233.2361 (facsimile)
cmcclusky@littler.com
nallen@littler.com

Attorneys for Defendant
The Nielsen Company (US), LLC

13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NOREEN COUGHLIN, <br><br> Plaintiff, <br><br> v. <br><br> THE NIELSEN COMPANY, LLC, <br> d/b/a Nielsen Media Research, <br><br> Defendant. | CIVIL ACTION NO. 1:09-CV-2837 |

*CERTIFICATE OF SERVICE*

I hereby certified that on November 3, 2009, I filed a copy of the foregoing using the CM/ECF system which will send automatic notice of such filing to the following:

Kevin D. Fitzpatrick
Charles R. Bridgers
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303

/s/Charlotte K. McClusky
Charlotte K. McClusky
Georgia Bar No. 484223

Firmwide:92771940.1 047031.1018